## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION


**FILIPPO TOTINO,**

> **Petitioner,**

**vs.**                                                            **Case No. 4:14cv125-RH/CAS**

**ERIC HOLDER, JR., et al.,**

> **Respondents.**

_____/


### REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case in the United States District
Court, Middle District of Florida, and it was transferred to this Court on March 3, 2014.
Doc. 1.  After transfer, an Order was entered in this case on March 17, 2014, directing
service of the petition.  On April 8, 2014, Respondents filed a motion to dismiss the
petition, filed pursuant to 28 U.S.C. § 1441, as moot because Petitioner "was released
from the custody of Immigration and Customs Enforcement ("ICE") on March 27, 2014.
Doc. 21.

Attached to the motion to dismiss is a copy of the Order of Supervision from ICE,
indicating Petitioner was released and must report to the ICE officer in Jacksonville,
Florida, on April 9, 2014.  Doc. 21, Ex. A (doc. 21-1).  Petitioner signed the Order of
Supervision on or about March 27, 2014.  _Id._  On or about March 31, 2014, Petitioner
filed a notice of change of address indicating he was released from the Wakulla County

Jail and providing a new address of 1120 Hubbard Street, Jacksonville, Florida 32206.

Doc. 19.

In the instant § 2241 habeas petition, Petitioner was not challenging the order of removal, but only his indefinite detention under Zadvydas v. Davis, 533 U.S. 678 (2001). Doc. 1.  Petitioner claimed that there was "no significant likelihood of removal in the reasonabl[y] foreseeable future," and sought release under Zadvydas because Respondents held him in custody for more than six months, but have been "unable to remove [Petitioner] to Brazil or any other country."  Doc. 1-2 at 3.  Petitioner's request for relief was an Order directing his release from custody to an order of supervision.  Id. at 5.  Because Petitioner has been granted release, there is no judicial remedy left and this case should be dismissed as moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 21, be **GRANTED** and the petition for writ of habeas corpus, doc. 1, be **DISMISSED as moot**.

IN CHAMBERS at Tallahassee, Florida, on April 9, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**